No. 13,177.

STATE EX REL VINCENZO MORECI VS. JOSHUA G. BAKER, JUDGE, ET AL.

SYLLABUS.

Under the Constitution, the Criminal District Court is without jurisdiction to entertain and pass upon an application for naturalization, notwithstanding it is, in a certain sense, a court of record, which is possessed of common law jurisdiction.

State ex rel. Moreci vs. Judge et al.

O N APPLICATION for a writ of *Mandamus*.

*E. A. O'Sullivan* and *Philip J. Patorno* for Relator.

*Dinkelspiel & Hart* for Respondents.

*R. H. Browne* for Recorder of Mortgages *et al.*, payees out of the Judicial Expense Fund.

Submitted on briefs May 1, 1899.
Opinion handed down May 29, 1899.

The opinion of the court was delivered by

WATKINS, J. The relator's petition states, that on the 5th of September, 1887, in accordance with the laws of the United States, he declared under oath his *bona fide* intention to become a citizen of the United States, and renounced his allegiance to the King of Italy, before the Criminal District Court in and for the parish of Orleans, and that more than two years have elapsed since that date, and that he now desires to further comply with the Acts of Congress with regard to naturalization, in order to be admitted to the full and complete citizenship of the United States.

That he presented himself to the Honorable Joshua G. Baker, Judge of the Criminal District Court—said court having common-law jurisdiction and a seal and a clerk; and also to E. J. Thilberger, clerk of the Criminal District Court, praying to be admitted to citizenship, and that the proceedings required by law be taken; that he be examined and sworn as to his right to citizenship, and that other necessary provisions of the law to that end be performed by said respondents, but that they declined and refused to take cognizance of the same.

Relator represents, that under the laws of the land, courts are required to be open to all citizens, for the purpose of nauralization unless the same is forbidden by the legislature of the State in which application is made.

That your relator has no other remedy adequate to his demand than this application for relief by *mandamus*.

Wherefore, the premises considered, relator prays that, after due

FIFTY-FIRST ANNUAL REPORTS, 1899.        1245-

State ex rel. Moreci vs. Judge et al.

proccedings had, that *mandamus* issue to said clerk and judge, com--
manding them to show cause why said writ should not issue, and why
they should not perform the functions of their respective offices in the-
respects related in the foregoing petition.

The respondent judge returns, that he presides over section "A" of
the Criminal District Court for the parish of Orleans, but, that under
the Constitution of 1898, the jurisdiction of said court is exclusively
criminal, that it has no civil jurisdiction of any kind or character
whatever; that respondent declined to entertain the application of the
relator in this case to be naturalized, for that reason; that is, that his-
court was without jurisdiction in the premises.

That the constitution of 1898 gives the Civil District Court for the
parish of Orleans, jurisdiction in cases of naturalization by providing
that such applications need not be allotted, but may be passed upon by
any judge of that court.

That since the adoption of the constitution, he, as judge of said
court, is absolutely without power to entertain and determine the-
rightfulness of relator's application to be naturalized.

The respondent clerk returns, that he is an officer of the court of
the respondent judge of the Criminal District Court, and that that
court can, alone, direct him as to the performance of his duties in any
given case, and that the supervisory jurisdiction of this honorable
court extends only to the judges of inferior courts, and not to other-
officers thereof.

The foregoing statements of the petition and returns disclose the
question to be, jurisdiction *vel non* of the respondent judge, to enter-
tain and pass upon relator's application for naturalization.

The constitution provides, that "the Criminal District Court shall
have exclusive original jurisdiction for the trial and punishment of
all offences, when the penalty of death, imprisonment at hard labor, or
imprisonment without hard labor for any time exceeding six months,
or a fine exceeding $300, may be imposed, and appellate jurisdiction
in all cases tried before the City Criminal Courts or Recorders' Courts
of New Orleans, etc.    *    *    *    Said court shall have general
and supervisory jurisdiction over all inferior State and municipal
criminal courts in the parish of Orleans, and shall have authority to
issue writs of *haebas corpus* in criminal or quasi-criminal cases, and
such other writs and orders as may be necessary or proper in aid of the-

jurisdiction conferred upon it, etc." Article 139, Constitution of 1898.

The foregoing provision is the only one in the organic law which deals with the jurisdiction of the Criminal District Court; and it is evident that it can exercise no other.

The claim made by relator's counsel is grounded upon the theory that under the constitution of the United States, Congress had the exclusive power to establish a uniform rule of naturalization, and that all power upon that subject is withdrawn from the States.

That, as Congress had passed laws upon subject of naturalization, they were controlling; and that the Congress had provided that an applicant for citizenship should make his declaration before any court of record of the United States, or of any one having common-law jurisdiction.

Therefore, the only essential necessary for the exercise of the power is, that the court to whom such application is made shall be a court of record; and his allegation is, that the Criminal District Court is a court of record, and possesses common-law jurisdiction—it is therefore, competent to entertain his application.

While conceding the authority of the Federal Constitution, and the laws of Congress to be as stated, in regard to naturalization, it is a *non-sequitur* that the Criminal District Court can exercise such jurisdiction.

Clearly, it is within the competency of a sovereign State to declare in its organic law what jurisdiction the courts established by it shall possess and exercise; and, unless a court of this State is clothed with civil jurisdiction to entertain and decide questions of naturalization, it certainly could not do so, and notwithstanding such court, in general terms, is a court of record, and possessed, in a certain sense, of common-law jurisdiction.

That common-law jurisdiction must be restrained within the limits fixed in the delegation of authority conferred by the constitution of the State.

We are of the opinion that the respondent judge was right in declining to entertain jurisdiction of the relator's petition, and the consequence is, that his application is refused, and the writ of mandamus denied at his cost.